**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**BRENT ALLEN ELISENS,**

**Plaintiff,**

vs.

5:19-CV-1236
(MAD/TWD)

**CAYUGA COUNTY MENTAL HEALTH**;
**AUBURN COMMUNITY HOSPITAL**;
**DR. MICHAEL PRATTS,** *Psychiatrist/ CCMH*;
**COLLEEN CURR,** *Prescriber/ CCMH*;
**FAITH EMERSON,** *Clinical Dir/ CCMH*;
**DR. AHMAD BILAL,** *ACH***,**

**Defendants.**

_____

**APPEARANCES:**                    **OF COUNSEL:**

**BRENT ALLEN ELISENS**
4943 Rockefeller Road
Auburn, New York 13201
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Plaintiff commenced this action on October 8, 2019, alleging that Defendants violated his

rights, and committed medical malpractice.  Dkt. No. 1.  The named Defendants include Cayuga

County Mental Health ("CCMH"), Auburn County Hospital ("ACH"), Dr. Michael Pratts ("Dr.

Pratts"), Colleen Curr ("Curr"), Faith Emerson ("Emerson"), and Dr. Ahmad Bilal ("Dr. Bilal").

*Id.*  Plaintiff alleges "Negligence-Medical Malpractice," "Fraud-Medical Malpractice," and

"HIPAA VIOLATION OF SOME SORT."  *Id.* at 3-4.

In an Order and Report-Recommendation dated November 25, 2019, Magistrate Judge Dancks granted Plaintiff's motion to proceed *in forma pauperis* and conducted an initial review of the complaint. *See* Dkt. No. 6. In addition to the claims expressly stated in the complaint, Magistrate Judge Dancks, granting Plaintiff special solicitude in light of his *pro se* status, construed the complaint as raising claims under 42 U.S.C. § 1983 for illegal seizure and denial of his due process rights related to his involuntary confinement. *See id.* at 4-5.

Currently before the Court is Magistrate Judge Dancks' Order and Report-Recommendation.

## II. BACKGROUND

On or about September 6, 2019, Plaintiff allegedly attempted to file a grievance against Curr, who works at CCMH, for refusing to have a student leave the room during an appointment. Dkt. No. 1 at 2. Emerson allegedly then told Plaintiff to return the following Monday. *Id.* Plaintiff alleges that when he returned, Dr. Pratts asked him if he had been admitted to inpatient care before, which Plaintiff confirmed that he had. *Id.* Later that day, a New York State Trooper picked up Plaintiff for involuntary commitment to the psychiatric unit at ACH with a diagnosis of schizophrenia and delusional disorder. *Id.* Plaintiff contends that Dr. Bilal examined him the following day, made fun of him, and told him that he would remain in the hospital for weeks. *Id.* Plaintiff alleges that Dr. Bilal talked to him in the hallway. *Id.* Plaintiff also alleges that Dr. Bilal changed his medications, and gave him Risperidone to treat his schizophrenia. *Id.*

Plaintiff alleges that Dr. Bilal and Curr ignored multiple forms of proof he provided that indicated he was not delusional, homicidal, or suicidal. *Id.* Plaintiff contends that he did not meet the criteria for involuntary confinement under New York State Mental Health and Hygiene Law, and Defendants' acts violated the applicable standard of care. *Id.* at 3. Plaintiff further contends

that he received multiple denials from his insurance company regarding the involuntary stay, placing the responsibility of payment primarily on Plaintiff. *Id.* at 2.

In her review of the complaint, Magistrate Judge Dancks first found that, liberally construed, Plaintiff adequately alleged claims of illegal seizure and denial of his due process rights against Dr. Bilal. *See* Dkt. No. 6 at 5-6. Next, Magistrate Judge Dancks found that while Plaintiff adequately alleged complaints of medical malpractice against Dr. Bilal and Curr, he failed to include any allegations relative to Dr. Pratts and Emerson regarding this claim. *See id.* at 6-7. As to the common-law fraud claim, Magistrate Judge Dancks recommended dismissal with leave to replead because Plaintiff failed to allege how the claim was substantively different from his medical malpractice claim. *See id.* at 8. Finally, as to the HIPAA claims, Magistrate Judge Dancks found that they are subject to dismissal because Plaintiff failed to provide any facts in support of the claims and because most courts to have addressed the issue have held that HIPAA does not provide a private cause of action to the individual impacted by the alleged HIPAA violation. *See id.* at 9.

## III. DISCUSSION

### A.    Legal Standard

Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed IFP, "(2) . . . the court shall dismiss the case at any time if the court determines that - . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "[I]n a *pro se* case, the court must view the submissions by a more lenient standard than accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Second Circuit has

held that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

## B.    Medical Malpractice Claims

Under New York law, "[t]he requisite elements of proof in a medical malpractice case are (1) a deviation or departure from accepted practice, and (2) evidence that such departure was a proximate cause of injury or damage." *Amsler v. Verrilli*, 119 A.D.2d 786, 787 (2d Dep't 1986) (citation omitted). "In order to show that the defendant has not exercised ordinary and reasonable care, the plaintiff ordinarily must show what the accepted standards of practice were and that the defendant deviated from those standards or failed to apply whatever superior knowledge he had for the plaintiff's benefit." *Sitts v. United States*, 811 F.2d 736, 739-40 (2d Cir. 1987) (citing *Toth v. Cmty. Hosp. at Glen Cove*, 22 N.Y.2d 255, 261, 239 N.E.2d 368, 372 (1968).

Plaintiff has not made any allegations relative to Dr. Pratts and Emerson regarding his medical malpractice claims against them. However, Plaintiff's allegations that Dr. Bilal and Curr ignored proof of Plaintiff's sanity, and treated him for schizophrenia, a condition he was not diagnosed with, would be a substantial deviation from accepted practice. Dkt. No. 6 at 6-7. Therefore, Magistrate Judge Dancks correctly concluded that Plaintiff's medical malpractice claims against Dr. Bilal, Curr, and ACH survive initial review, and that Plaintiff's claims against Dr. Pratts and Emerson should be dismissed with leave to replead. Dkt. No. 6 at 6-7.

## C.   Common-Law Fraud

"To prove common law fraud under New York law, a plaintiff must show that (1) the defendant made a material false representation, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and (4) the plaintiff suffered damage as a result of such reliance." *Banque Arabe et Internationale D'Investissement v. Md. Nat'l Bank*, 57 F.3d 146, 153 (2d Cir. 1995) (citations omitted). "[W]ithout more, concealment by a physician or failure to disclose his own malpractice does not give rise to a cause of action in fraud . . . ." *Simcuski v. Saeli*, 44 N.Y.2d 442, 452 (1978). To succeed on both medical malpractice and fraud claims, a plaintiff must demonstrate "'knowledge on the part of the physician of the fact of his malpractice and of his patient's injury in consequence thereof coupled with a subsequent intentional, material misrepresentation by him to his patient known by him to be false at the time it was made, and on which the patient relied to his damage.'" *Atton v. Bier*, 12 A.D.3d 240, 241 (1st Dep't 2004) (quoting *Simcuski*, 44 N.Y.2d at 451). Plaintiff must also demonstrate unique damages specific to the purported fraud. *Gotlin v. Lederman*, No. 05-CV-1899, 2006 WL 1154817, *8 (E.D.N.Y. Apr. 28, 2006).

Magistrate Judge Dancks correctly concluded that because Plaintiff failed to allege how his fraud claim substantively differed from his medical malpractice claim, the claim should be dismissed with opportunity to replead. Dkt. No. 6 at 8.

**D.      42 U.S.C. § 1983 Claims**

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 imposes liability for "conduct which 'subjects, or causes to be subjected' the complainant to a deprivation of a right secured by the Constitution and laws." *Rizzo v. Goode*, 423 U.S. 362, 370–71 (1976) (quoting 42 U.S.C. § 1983). Not only must the conduct deprive the plaintiff of rights and privileges secured by the Constitution, but the actions or omissions attributable to each defendant must be the proximate cause of the injuries and consequent damages that the plaintiff sustained. *See Brown v. Coughlin*, 758 F. Supp. 876, 881 (S.D.N.Y. 1991) (citing *Martinez v. California*, 444 U.S. 277, 100 S. Ct. 553, 62 L. Ed. 2d 481, reh. denied, 445 U.S. 920, 100 S. Ct. 1285, 63 L. Ed. 2d 606 (1980)). As such, for a plaintiff to recover in a section 1983 action, he must establish a causal connection between the acts or omissions of each defendant and any injury or damages he suffered as a result of those acts or omissions. *See id.* (citing *Givhan v. Western Line Consolidated Sch. Dist.*, 439 U.S. 410, 99 S. Ct. 693, 58 L. Ed. 2d 619 (1979)) (other citation omitted).

It is firmly established that the Fourth Amendment only proscribes unreasonable searches and seizures. *See Skinner v. Ry. Labor Executives' Ass'n*, 489 U.S. 602, 619 (1989) (citations omitted). In order to prevail on a Fourteenth Amendment procedural due process claim pursuant to 42 U.S.C. § 1983, "the plaintiff must show (1) that he possessed a protected liberty or property

interest; and (2) that he was deprived of that interest without due process." *Rehman v. State Univ. of N.Y. at Stony Brook*, 596 F. Supp.2d 643, 656 (E.D.N.Y. 2009) (citing *McMenemy v. City of Rochester*, 241 F.3d 279, 285–86 (2d Cir. 2001)). The essential principle of procedural due process is that a deprivation of life, liberty or property should be preceded by notice and an opportunity for a hearing appropriate to the nature of the case. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (citation omitted). However, "[w]here there is a meaningful postdeprivation remedy, there is no due process violation ." *Gudema v. Nassau County*, 163 F.3d 717, 724 (2d Cir. 1998) (citation omitted).

In the present matter, Magistrate Judge Dancks correctly concluded that Plaintiff alleged constitutional violations because an involuntary confinement without due process is an illegal seizure, and a violation of Plaintiff's Fourth and Fourteenth Amendment rights.[1] Dkt. No. 6 at 4-5.

## E. HIPAA Claims

Insofar as Plaintiff's complaint could be liberally construed to allege a claim under the HIPAA, "Congress did not intend to create a private right of action through which individuals can enforce HIPAA's provisions." *Pecou v. Forensic Comm. Personnel*, No. 06-CV-3714, 2007 WL 1490450, *2 (E.D.N.Y. Jan. 5, 2007) (citing *Barnes v. Glennon*, No. 9:05-CV-0153, 2006 WL 2811821, *5 (N.D.N.Y. Sept. 28, 2006) (holding that the HIPAA statute does not "either explicitly or implicitly, confer to private individuals a right of enforcement."); *Univ. of Colorado Hosp. Auth. v. Denver Publ'g Co.*, 340 F. Supp. 2d 1142, 1144 (D. Colo. 2004) (finding no evidence that

---

[1] Based on the Complaint, it appears that Dr. Bilal is the person primarily responsible for Plaintiff's confinement. The Court construes these claims to be only against Dr. Bilal. If any of the other Defendants were involved, Plaintiff should amend his complaint accordingly to assert such facts.

Congress intended to create a private right of action under HIPAA)); *Abreu v. Travers*, No. 9:15-CV-0540, 2016 WL 6127510, *15 (N.D.N.Y. Oct. 20, 2016). Here, Magistrate Judge Dancks correctly concluded that even if a HIPAA violation occurred, Plaintiff's HIPAA claim should be dismissed without leave to amend because HIPAA does not provide a private cause of action. Dkt. No. 6 at 9.

## IV. CONCLUSION

After careful consideration of Magistrate Judge Dancks's Order and Report-Recommendation, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Order and Report-Recommendation is **ADOPTED in its entirety**; and the Court further

**ORDERS** that the complaint is **DISMISSED without prejudice** with leave to amend against Defendants Cayuga County Mental Health, Faith Emerson, and Dr. Michael Pratts, except with regard to the alleged HIPAA violation; and the Court further

**ORDERS** that Plaintiff's claim alleging a HIPAA violation is **DISMISSED with prejudice**; and the Court further

**ORDERS** that Defendants Auburn Community Hospital, Dr. Ahmad Bilal, and Colleen Curr be required to respond to Plaintiff's claims for alleged medical malpractice; and the Court further

**ORDERS** that Defendant Dr. Ahmad Bilal be required to respond to Plaintiff's claims regarding his Fourteenth and Fourth Amendment rights.

**IT IS SO ORDERED.**

Dated: February 18, 2019
     Albany, New York

Mae A. D'Agostino
U.S. District Judge