UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BRENT ALLEN ELISENS,

                                        Plaintiff,

        -against-                                        5:19-CV-1236 (LEK/TWD)

AUBURN COMMUNITY HOSPITAL,
*et al.*,

                                        Defendants.

_____

**MEMORANDUM-DECISION AND ORDER**

## I.        INTRODUCTION

        Pro se plaintiff Brent Allen Elisens filed an action against Auburn Community Hospital

("ACH"), Colleen Curr, and Dr. Ahmad Bilal, a doctor employed at ACH (collectively,

"Defendants"). Dkt. No. 1 ("Complaint"). Plaintiff alleges that Defendants violated his

constitutional rights and committed medical malpractice by committing him involuntarily

pursuant to New York's Mental Health and Hygiene Law. See generally id.

        Presently before the Court are motions to dismiss by ACH and Curr pursuant to Federal

Rule of Civil Procedure 12(b)(1). Dkt. Nos. 26 ("ACH's Motion to Dismiss"); 26-6 ("ACH's

Memorandum of Law"); 30 ("Curr's Motion to Dismiss"); 30-2 ("Curr's Memorandum of

Law"); 33 ("Plaintiff's Opposition to Curr's Motion to Dismiss); 34 ("Curr's Reply"). Plaintiff

did not file an opposition to ACH's Motion to Dismiss. In addition, Bilal separately filed a

motion for summary judgment. Dkt. Nos. 37 ("Bilal's Motion for Summary Judgment"); 37-5

("Bilal's Memorandum of Law"); 39 ("Plaintiff's Opposition to Bilal's Motion for Summary

Judgment"); 40 ("Bilal's Reply). Lastly, Plaintiff submitted a fifth motion to appoint counsel.

Pl.'s Opp'n to Bilal's Mot. for Summ. J. at 1. For the reasons that follow, the Court grants both

motions to dismiss and dismisses the Complaint. The Court also dismisses Bilal's Motion for Summary Judgment and Plaintiff's motion to appoint counsel for lack of subject-matter jurisdiction.

## II.    BACKGROUND

The following factual allegations are assumed to be true. See Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 76 (2d Cir. 2015). Plaintiff's factual allegations are detailed in a previous Memorandum-Decision and Order, familiarity with which is assumed. See Dkt. No. 8 ("February 2020 Memorandum-Decision and Order") at 2. For convenience, the Court summarizes Plaintiff's allegations here.

On or about September 6, 2019, Plaintiff attempted to file a grievance against Curr, who works at Cayuga County Mental Health ("CCMH"), for refusing to order a student leave the room during an appointment. Compl. at 2. Plaintiff was told to return the following week. Id. When Plaintiff returned, Dr. Michael Pratts asked Plaintiff if he had been admitted to inpatient care before, and Plaintiff confirmed that he had. Id. Later that day, a New York State Trooper picked up Plaintiff for involuntary commitment to the psychiatric unit at ACH with a diagnosis of schizophrenia and delusional disorder. Id. Bilal examined Plaintiff the following day, made fun of him, and told him he would remain in the hospital for weeks. Id. Bilal and Curr ignored multiple forms of proof that Plaintiff provided that indicated he was not delusional, homicidal, or suicidal. Id.

Plaintiff asserts: (1) 42 U.S.C. § 1983 claims against Bilal related to his illegal seizure and denial of due process resulting from Plaintiff's involuntary confinement, and (2) New York

State medical malpractice claims against Bilal, Curr, and ACH. See Compl. at 2–3; February 2020 Mem.-Decision and Order at 1–2.

## III.   LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6). A court must accept as true the factual allegations contained in a complaint and draw all inferences in favor of a plaintiff. See Allaire Corp. v. Okumus, 433 F.3d 248, 249–50 (2d Cir. 2006). A complaint may be dismissed pursuant to Rule 12(b)(6) only where it appears that there are not "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plausibility requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Id. at 556. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555). Where a court is unable to infer more than the mere possibility of the alleged misconduct based on the pleaded facts, the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. See id. at 678–79.

Where, as here, a party seeks judgment against a pro se litigant, a court must afford the non-movant special solicitude. See Treistman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). As the Second Circuit stated,

> [T]here are many cases in which we have said that a pro se litigant is entitled to special solicitude, that a pro se litigant's submissions must be construed liberally, and that such submissions must be read to raise the strongest arguments that they suggest. At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations, or arguments that the submissions themselves do not suggest, that we should not excuse frivolous or vexatious filings by pro se litigants, and that pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law . . . .

Id. (internal citations omitted); see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that when [a] plaintiff proceeds pro se, . . . a court is obligated to construe his pleadings liberally.") (internal citations omitted).

"Where a properly filed motion [to dismiss] is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers . . . shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause be shown." N.D.N.Y. L.R. 7.1(b)(3). Under such circumstances, dismissal is appropriate where the movant's argument for dismissal is "facially meritorious." See, e.g., Hernandez v. Nash, No. 00-CV-1564, 2003 U.S. Dist. LEXIS 16258, at *7–8 (N.D.N.Y. Sept. 10, 2003).

## IV.   DISCUSSION

To state a claim under § 1983, a plaintiff must allege (1) the violation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under the color of state law. See Vega, 801 F.3d at 87–88. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979).

4

ACH argues that Plaintiff's § 1983 claims should be dismissed because its doctor, Bilal, was not acting under the color of state law. ACH's Mem. of Law at 9–17. The Court agrees. Here, Plaintiff asserts § 1983 claims against Bilal for his involuntary commitment of Plaintiff to ACH's psychiatric unit. However, Plaintiff does not allege that Bilal was a state actor nor that he was acting under the color of state law. Because Plaintiff does not allege any facts to suggest that Bilal acted under state law or had any interaction or agreement with New York State, Plaintiff's § 1983 claims are dismissed. See Graham v. City of Albany, No. 08-CV-892, 2009 WL 4263510, at *13 (N.D.N.Y. Nov. 23, 2009) (dismissing a § 1983 action brought by a pro se plaintiff for failure to allege that a private individual was acting under the color of state law where plaintiff "alleged no facts to suggest that [the private party] acted jointly with the [state] [d]efendants"); see also Doe v. Harrison, 254 F. Supp. 2d 338, 342–44 (S.D.N.Y. 2003) (dismissing a § 1983 suit against a private physician because there was no allegation that state officials compelled the private physician to hospitalize the plaintiff for twelve days).

Defendants argue that there is no independent basis for federal jurisdiction over Plaintiff's state law medical malpractice claims if his § 1983 claims are dismissed. ACH's Mem. of Law at 17–19; see generally Curr's Mem. of Law. The Court again agrees. "In the interest of comity, the Second Circuit instructs that . . . where federal claims can be disposed of . . . courts should 'abstain from exercising pendent jurisdiction.'" Birch v. Pioneer Credit Recovery, Inc., No. 06-CV-6497, 2007 WL 1703914, at *5 (W.D.N.Y. June 8, 2007) (quoting Walker v. Time Life Films, Inc., 784 F.2d 44, 53 (2d Cir. 1986)). Using its discretion, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, because it "has dismissed all claims over which it has original jurisdiction." Kolari v. N.Y.-Presbyterian Hosp., 455 F.3d 118,

122 (2d Cir 2006) (quoting 28 U.S.C. § 1367(c)(3)); see also Cave v. E. Meadow Union Free

Sch. Dist., 514 F.3d 240, 250 (2d Cir. 2008) ("We have already found that the district court lacks

subject matter jurisdiction over appellants' federal claims. It would thus be clearly inappropriate

for the district court to retain jurisdiction over the state law claims when there is no basis for

supplemental jurisdiction."); Karmel v. Claiborne, Inc., No. 99-CV-3608, 2002 WL 1561126, at

*4 (S.D.N.Y. July 15, 2002) ("Where a court is reluctant to exercise supplemental jurisdiction

because of one of the reasons put forth by § 1367(c), or when the interests of judicial economy,

convenience, comity and fairness to litigants are not violated by refusing to entertain matters of

state law, it should decline supplemental jurisdiction and allow the plaintiff to decide whether or

not to pursue the matter in state court."). Plaintiff may file his malpractice claims in state court if

he wishes.

Because the Court dismisses Plaintiff's § 1983 claims against Bilal and does not have

jurisdiction over Plaintiff's remaining state law claims, the Court dismisses Bilal's Motion for

Summary Judgment for lack of subject-matter jurisdiction. Additionally, the Court dismisses

Plaintiff's fifth motion to appoint counsel for lack of subject-matter jurisdiction.

## V.     CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that ACH's's Motion to Dismiss (Dkt. No. 26) and Curr's Motion to

Dismiss (Dkt. No. 30) are **GRANTED in their entirety**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED;** and it is further

**ORDERED**, that Bilal's Motion for Summary Judgment (Dkt. No. 37) and Plaintiff's

fifth motion to appoint counsel (Dkt. No. 39) are **DISMISSED**; and it is further

**ORDERED,** that the Clerk is directed to close this case; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:          March 17, 2021
                    Albany, New York

Lawrence E. Kahn
U.S. District Judge